IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR ROBINSON,

                                       OPINION AND ORDER

              Plaintiff,

                                 20-cv-203-bbc

       v.

SANDRA MCARDLE, JOLINDA WATERMAN,
MARK KARTMAN and
JANE AND JOHN DOES 1-10,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Victor Robinson, who is incarcerated at the Waupun Correctional Institution, alleges that medical staff and administrators at the Wisconsin Secure Program Facility violated his rights under the Eighth Amendment and state negligence law by erroneously prescribing him diphenhydramine and failing to report the error as required by institutional policies. His complaint is before the court for screening under 28 U.S.C. § 1915A.

Having reviewed plaintiff's complaint, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure because it is difficult to understand and fails to provide sufficient information for this court to determine whether plaintiff would be entitled to relief against any of the named defendants. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly.


OPINION

Plaintiff has filed a 33-page complaint that is difficult to follow and contains many

1

allegations related to a previous lawsuit that he filed in the United States District Court for the Eastern District of Wisconsin on July 18, 2018 (case no. 18-cv-1117). In that case, plaintiff filed a complaint alleging that staff at the Wisconsin Secure Program Facility provided him with the wrong medication, meclizine, in December 2017, which caused him to fall and suffer a concussion. He was granted leave to proceed on an Eighth Amendment claim against two health services unit staff members allegedly involved in issuing him the medication and state law negligence claims against correctional officers who distributed the medication. Screen ord., dkt. #11, case no. 18-cv-1117 (Oct. 15, 2018). On January 17, 2020, the district court granted summary judgment in favor of defendants and dismissed the case. Dkt. #47, case no. 18-cv-1117.

In his instant complaint, plaintiff alleges that during discovery in his previous lawsuit, he learned that he was incorrectly given another drug, diphenhydramine, that was supposed to be for another inmate. Although the details are scant, he alleges that defendant Sandra McArdle (nurse practitioner) prescribed him diphenhydramine on October 30, 2017, and that defendant Jolinda Waterman (health services unit manager) changed the date on that prescription from October 30 to November 2, 2017. Plaintiff also alleges that he ended up having two different prescription numbers for diphenhydramine. He received the diphenhydramine on November 27, 2017 and took it until December 17, 2017. Plaintiff alleged in his previous lawsuit that he took the wrongly-prescribed meclizine from December 15 to 17, 2017, which caused him to get dizzy, fall, hit his head and suffer a concussion on December 17. However, he now believes that he suffered an allergic reaction from the

combination of the diphenhydramine and meclizine that led to his fall and injuries on December 17.  Finally, plaintiff alleges that defendant Waterman again changed the date on his diphenhydramine prescription from February 23, 2018 to April 30, 2018, and also failed to follow certain policies with respect to "medication occurrences."  It is not clear from the complaint exactly what happened with respect to the diphenhydramine, why plaintiff believes he received it in error, why the changes in the prescription date or the existence of two prescription numbers posed a problem or how his new claims are different from the claims that he brought in his previous lawsuit.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.  Additionally, the complaint must contain enough allegations of fact to support a claim under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

I will dismiss plaintiff's complaint without prejudice.  I will give plaintiff the opportunity to file an amended complaint to better explain his claims in a more succinct manner.  In drafting his amended complaint, plaintiff should be sure to state clearly what happened specifically with respect to the diphenhydramine, when it happened and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights.  Because plaintiff's allegations strongly suggest that he has previously litigated a lawsuit

3

against at least some of the same defendants with respect to the same injury and lost, plaintiff should be aware that defendants likely will assert the affirmative defense of claim or issue preclusion, which prohibit parties from relitigating claims and issues decided in a previous lawsuit.  Bernstein v. Bankert, 733 F.3d 190, 225 (7th Cir. 2013).  Therefore, plaintiff should make clear how this lawsuit differs from his previous lawsuit and not repeat the allegations that he made in his previous lawsuit about meclizine.  Plaintiff also should make sure that he alleges facts to answer the following questions:

1.  Why did defendant McArdle prescribe plaintiff diphenhydramine in October 2017?  Was she treating plaintiff for any particular condition at that time?

2.  Even if plaintiff believes that he received another inmate's diphenhydramine, was plaintiff also supposed to be taking diphenhydramine?  If not, why did plaintiff continue to take diphenhydramine after he learned that he had received the medication in error?  (Plaintiff alleges that he had prescriptions for diphenhydramine as late as April 2018.)

3.  How did defendant Waterman's alleged changes to the date of the diphenhydramine prescriptions, and the existence of two prescription numbers, harm or pose a problem to plaintiff?

4.  Apart from acting as a supervisor or ruling on a complaint filed by plaintiff, what role did defendant Kartman (security director) have in erroneously providing plaintiff diphenhydramine?

5.  Why does plaintiff have reason to believe that diphenhydramine contributed to his fall and resulting injuries?  Did he raise this issue in his previous lawsuit?

Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation.  He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements.  Plaintiff should explain what

happened in the complaint itself and not refer facts contained in documents attached to the complaint.  After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.


ORDER

IT IS ORDERED that

1.  Plaintiff Victor Robinson's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2.  Plaintiff may have until May 18, 2020 to file an amended complaint as set forth above.  If plaintiff does not file an amended complaint by May 18, 2020, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 27th day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge