IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR ROBINSON,

                                                                         OPINION AND ORDER

              Plaintiff,

                                                                            20-cv-203-bbc

    v.

SANDRA MCARDLE AND
JOLINDA WATERMAN,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Victor Robinson, who is incarcerated at the Green Bay Correctional Institution, is proceeding on Eighth Amendment claims that defendants Sandra McArdle and Jolinda Waterman gave him the wrong medication while he was incarcerated at the Wisconsin Secure Program Facility. Before the court are defendant Waterman's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dkt. #21, and defendant McArdle's motion for judgment on the pleadings, dkt. #34, under Rule 12(c). (McArdle answered plaintiff's complaint, but Waterman has not.) Both defendants argue that plaintiff's claims against them are precluded by the doctrines of claim and issue preclusion. In addition, plaintiff has filed a motion for court assistance in recruiting counsel to represent him, dkt. #31, and defendants have filed motions to stay discovery and case deadlines pending a decision on their motions regarding preclusion, dkt. ##42-43.

      For the reasons explained below, I am granting defendants' motions, dismissing plaintiff's claims and closing this case. Plaintiff's motion for court assistance in the recruitment of counsel and defendants' motions to stay will be denied as moot.

1

OPINION

In this lawsuit, plaintiff alleges that defendants McArdle and Waterman dispensed him the wrong medication (diphenhydramine) that caused him physical injury, in violation of the Eighth Amendment. Specifically, he alleges that McArdle prescribed him diphenhydramine on October 30, 2017 without seeing him or ever explaining what the medication was for. He also alleges that defendant Waterman reviewed the order, noted that it was filled and inexplicably changed some dates with respect to what appear to be two separate prescriptions for diphenhydramine, but also never spoke with him about the medication. Plaintiff faults McArdle and Waterman for failing to note the need for diphenhydramine in his medical records, not discussing the medication with plaintiff and not checking with him to determine whether they were giving him the correct medication. He alleges that he received diphenhydramine over the period of a month and suffered ill effects when it was combined with another wrongly-prescribed medication. Plaintiff alleges that an allergic reaction from the combination of diphenhydramine and another wrongly prescribed medication (meclizine) caused him to get dizzy, fall, hit his head and suffer a concussion on December 17, 2017.

Defendant Waterman seeks dismissal of plaintiff's claim against her, and defendant McArdle seeks judgment on the pleadings, on the ground that plaintiff's claims are barred by the doctrine of claim or issue preclusion (also known as res judicata) because plaintiff previously litigated or could have litigated the same claims in his earlier lawsuit, Robinson v. Waterman,, case no. 18-cv-1117 (E.D. Wis.). A motion for judgment on the pleadings

under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as Rule 12(b)(6), except that in deciding a motion under Rule 12(c), the court considers not only the complaint and documents referred to in the complaint, but all pleadings and documents that are referred to in any pleading. Gill v. City of Milwaukee, 850 F.3d 335, 339 (7th Cir. 2017). The court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Anicich v. Home Depot U.S.A., Inc., 852 F.3d 643, 648 (7th Cir. 2017). A Rule 12(b)(6) or 12(c) motion will be granted only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998) (quoting Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir.1993)). Courts may render judgment on the pleadings and dismiss cases for failure to state a claim based on res judicata or collateral estoppel in cases in which it is clear from the face of the complaint and from matters of which the court may take judicial notice (such as court orders and filings), that plaintiff's claims are barred as a matter of law. Parungao v. Cmty. Health Sys., Inc., 858 F.3d 452, 457 (7th Cir. 2017) (internal citations omitted).

The doctrine of claim preclusion (or res judicata) bars a second lawsuit in federal court regarding all issues that were or could have been litigated in a previous federal lawsuit. Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago, 649 F.3d 539, 547 (7th Cir. 2011). Claim preclusion applies when the following three elements are satisfied: (1) there was a final judgment on the merits of the claim in a previous federal lawsuit; (2) the dispute arises

out of the same transaction or set of operative facts; and (3) the dispute involves the same litigants, either directly or through privity of interest. Bernstein v. Bankert, 733 F.3d 190, 226 (7th Cir. 2013) (quoting Kratville v. Runyon, 90 F.3d 195, 197 (7th Cir. 1996)); Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011).

The doctrine of issue preclusion (or collateral estoppel) is narrower and bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Bernstein, 733 F.3d at 225 (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008)). "For collateral estoppel to apply, '(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.'" Matrix IV, 649 F.3d at 547 (quoting H–D Mich., Inc. v. Top Quality Services, Inc., 496 F.3d 755, 760 (7th Cir. 2007)).

Defendants have shown that all of the legal elements for claim preclusion have been met. Plaintiff named both Waterman and McArdle in his previous lawsuit and based his claims against them on the same incident and operative facts that are the subject of the claims in his current lawsuit. In 2018, the United States District Court for the Eastern District of Wisconsin granted plaintiff leave to proceed on Eighth Amendment and state law negligence claim that various nurses and correctional officers incorrectly provided him with meclizine, which he claimed he was not supposed to be receiving, and that defendant

Waterman failed to investigate his December 17, 2017 complaint about not feeling well after taking meclizine for three days. E.D. Wis. Case No. 18-cv-1117, dkt. 11 at 4-5, 9. As he does in this case, he also alleged that (1) he was receiving and taking diphenhydramine at that time but that he did not get any patient information about that drug until January 2018, after he had asked the health services unit about it; and (2) he passed out while exercising on December 17, 2017, fell and hit the right side of his head, causing a concussion. Id. at 4-5.

Plaintiff also named McArdle as a defendant in his first lawsuit, alleging that she failed to comply with prison regulations by reporting and documenting the alleged medication mix-up and resulting allergic reaction. Id. at 6-7. However, the district court did not allow plaintiff to proceed on that claim because failure to comply with prison regulations does not amount to a constitutional violation. Id. at 10. Plaintiff later moved for leave to amend his complaint to reinstate his claim against McArdle, arguing that he believed she was the provider who had prescribed meclizine for him. E.D. Wis. Case No. 18-cv-1117, dkt. #28 at 2. The district court denied the motion, finding that the patient medication log that plaintiff included with his amended complaint showed that McArdle had prescribed diphenhydramine, not meclizine. Id.

Both of plaintiff's lawsuits are based on similar factual allegations and raise the same legal issues regarding alleged medication errors occurring during the same time period that resulted in the same injuries to plaintiff. Plaintiff says that his current lawsuit is different because he is now complaining about being prescribed diphenhydramine rather than

5

meclizine and that McArdle made more than one mistake. Specifically, he alleges that he now believes that the interaction between diphenhydramine and meclizine, rather than the meclizine itself, caused him to fall and injure himself. However, plaintiff could have and should have raised his theory that diphenhydramine's interaction with meclizine was the cause of his injury in his previous case. He knew then that he had been taking diphenhydramine, that McArdle had prescribed it and that he had not been given information about the drug's purpose or side effects until he asked for it some time later. Although plaintiff points out that he tried to bring a claim against McArdle but was not allowed to do so, the Eastern District of Wisconsin found that he had not plausibly alleged that McArdle acted with deliberate indifference.

Even if plaintiff's current claims are based on a different theory of causation, his past and current claims are based on a common nucleus of operative facts, meaning that the claims are the same even though they involve different legal theories. Matrix IV, 649 F.3d at 547 ("Even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.") (internal citation omitted); Alvear-Velez v. Mukasey, 540 F.3d 672, 677 (7th Cir. 2008) (party cannot split single cause of action or use several theories of recovery as basis for separate lawsuits). "[A] party must allege in one proceeding all claims and/or counterclaims for relief arising out of a single occurrence, or be precluded from pursuing those claims in the future." Bernstein, 733 F.3d at 225-26.

The Eastern District of Wisconsin granted summary judgment as to all of plaintiff's medication-error claims, finding that he failed to respond to defendants' arguments or their proposed findings of fact and did not present any evidence of his own to support his claims. E.D. Wis. Case No. 18-cv-1117, dkt. #47 (January 17, 2020).  A summary judgment order dismissing a case is "normally enough to assure finality for preclusion purposes." <u>Ross ex rel. Ross v. Board of Education of Township High School District 211</u>, 486 F.3d 279, 284 (7th Cir. 2007).  Although plaintiff contends that the decision in his previous case is not final because it is on appeal, the Court of Appeals for the Seventh Circuit has held that "the fact that an appeal was lodged does not defeat the finality of the judgment." <u>Id.</u>

Accordingly, the doctrine of res judicata bars plaintiff's claims in this case.

ORDER

IT IS ORDERED that

1. Defendant Sandra McArdle's motion for judgment on the pleadings, dkt. #34, and defendant Jolinda Waterman's motion to dismiss, dkt. #21, are GRANTED.  Plaintiff Victor Robinson's Eighth Amendment claims against defendants are DISMISSED as barred by the doctrine of claim preclusion.

2.  Plaintiff's motion for court assistance in recruiting counsel, dkt. #31, and the motions to stay filed by defendants, dkt. ##42 and 43, are DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 2d day of November, 2020.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        BARBARA B. CRABB
                                        District Judge